IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE PACKAGING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HELPFULCARD, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 15-cv-9096<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Bruce Packaging, Inc. ("Plaintiff") brings this Class Action Complaint against Helpfulcard LLC ("Helpfulcard"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I. NATURE OF THE ACTION

1. Helpfulcard is a company that offers online and in-person networking solutions. Helpfulcard also promotes other companies' products and services, including printing business cards and networking services. In an effort to market products and services, Helpfulcard sent (or had sent on its behalf) unsolicited junk faxes in bulk—fax blasts—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Helpfulcard did not obtain prior express permission or invitation from Plaintiff and the Class members to send them faxes.

3. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Helpfulcard to send them faxes.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Helpfulcard to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and an award of actual damages for common law conversion, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

5. This Court has original jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

6. The Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367 because Helpfulcard's conduct forms part of the same case or controversy as to Counts I and II.

*Personal Jurisdiction*

7. This Court has personal jurisdiction over Helpfulcard under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Helpfulcard, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this court permissible.

*Venue*

8. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

### III. PARTIES

*Plaintiff*

9. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Cook County, Illinois.

*Defendant*

10. Helpfulcard is a limited liability company organized in and existing under the laws of the State of Delaware with its principal place of business at 717 Green Valley Road, Suite 200, Greensboro, North Carolina 27408.

11. Helpfulcard maintains a registered agent at: Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, Sussex, Delaware 19958.

### IV. FACTUAL BACKGROUND

*Helpfulcard's Faxes Promote Products And Services*

12. On or about June 9, 2015, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

13. The fax advertises "Networking in Person" services offered by Helpfulcard.

14. The fax contains the following website address: "heplfulCard.com" (the "Website").

15. Helpfulcard is the owner and/or user of the Website.

16. By entering the Website address, recipients of Helpfulcard's faxes are redirected to a page where they can sign up for Helpfulcard's Networking In Person service.

17. On the Website, Helpfulcard purports to offer a tag to be placed on the back of a business card.

18. Helpfulcard, however, uses the tag as pretext to promote other goods and services that come at a cost.

19. For example, on the Website, Helpfulcard offers the tag in order to promote the sale of business cards, through its Networking In Person service:



20. Helpfulcard describes the process by which professionals can use the Networking In Person service to increase their potential clients. In that process, Helpfulcard specifically promotes the sale of business cards:



21. On the Website, Helpfulcard also promotes other commercially available products and services to persons who sign up for an account with Helpfulcard.

22. On information and belief, Helpfulcard receives a commercial benefit from the promotion and sale of the products or services advertised on the Website.

23. Helpfulcard sent the faxes and/or is responsible, as a matter of law, for the actions of the individuals who sent the faxes.

*Helpfulcard's Faxes Lack The Requisite Opt-Out Notice*

24. The Seventh Circuit has held that "[e]ven when the [TCPA] permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), *reh'g denied (Sept. 24, 2013), cert. denied sub nom. Turza v. Holtzman*, 134 S. Ct. 1318 (2014).

25. The Federal Communications Commission issued a regulation requiring senders of fax advertisements to include opt-out notices that comply with 47 U.S.C. § 227(b)(2)(D), even for fax advertisements sent with prior express invitation or permission of the recipient. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

26. Helpfulcard's opt-out notice reads: "For additional information or to request your fax number to be removed form our list, pleas contact us at our phone, fax or e-mail listed below."

27. Helpfulcard's faxes do not satisfy all of the opt-out notice requirements under § 227(b)(2)(D). For example, the opt-out notice does not state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by § 227(b)(2)(D)(ii).

28.     Thus, even if Plaintiff and Class Two, as defined below, provided prior express invitation or permission for Helpfulcard to transmit fax advertisements or had an established business relationship with Helpfulcard, Helpfulcard's conduct violates the TCPA because the faxes failed to include proper opt-out notices.

*Helpfulcard's Faxes Were Part Of Fax Blasts*

29.     Helpfulcard's faxes are uniform and not specifically addressed to a particular recipient.

30.     Under the TCPA, an "established business relationship" is a defense that Helpfulcard must prove,[1] but Helpfulcard did not have an established business relationship with Plaintiff or any other member of the Class prior to sending fax advertisements.

31.     Helpfulcard does not have a record showing an established business relationship with Plaintiff or other members of the Class.

32.     Under the TCPA, prior express invitation or permission is a defense that Helpfulcard must prove,[2] but Helpfulcard did not obtain prior express invitation or permission from Plaintiff or the Class to be sent fax advertisements.

33.     Helpfulcard does not have a record showing that they obtained prior express invitation or permission from Plaintiff or the Class.

34.     On information and belief, the fax attached as Exhibit A was transmitted as part of mass broadcastings, or "blasts," of faxes.

35.     There is no reasonable means by which Plaintiff and the Class members can avoid receiving unsolicited and unlawful faxes.

---

[1] *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 451 (7th Cir. 2010) (discussing the applicability of the "EBR defense").

[2] *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) (considering whether the "defense [] of consent to be faxed ads" applies).

36. Accordingly, Helpfulcard sent fax advertisements to Plaintiff and the Class as a part of fax blasts without prior express invitation or permission and without an established business relationship.

## V. CLASS ALLEGATIONS

37. Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**
All individuals or entities in the United States who were sent one or more unsolicited facsimile advertisements from or on behalf of Helpfulcard, LLC.

Excluded from Class One are Helpfulcard and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

38. Plaintiff brings Counts II and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Helpfulcard, LLC with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are Helpfulcard and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

39. "Class members" or "the Class" refers to both Class One and Class Two, unless otherwise stated.

40. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

41. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Helpfulcard's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Helpfulcard's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

42. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and facts, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether Helpfulcard engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. The manner in which Helpfulcard compiled or obtained its list of fax numbers;

   c. Whether Helpfulcard's faxes constitute advertisements under the TCPA;

   d. Whether Helpfulcard's faxes lacked the requisite opt-out notices;

   e. Whether Plaintiff and the Class are entitled to actual, statutory, or other form of damages, and other monetary relief and, in what amount(s);

   f. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Helpfulcard's conduct; and

   g. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

43. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

44. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

45. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Helpfulcard has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

46. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Helpfulcard, so it would be impracticable for the Class members to individually seek redress for Helpfulcard's wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management

difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

47. Plaintiff incorporates by reference paragraphs 1-46 as if fully set forth herein.

48. Helpfulcard and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. § 227(b)(l)(C).

49. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express invitation or permission of Plaintiff and Class One.

50. As a result of Helpfulcard's unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500.00 in damages for each such violation, whichever is greater, or both such actions.

### COUNT II
### Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf Of Class Two, In The Alterative To Count I)

51. Plaintiff incorporates by reference paragraphs 1-46 as if fully set forth herein.

52. Under the TCPA and its corresponding regulations, faxes sent with prior express invitation or permission or based on an established business relationship "must include an opt-out notice that complies with the requirements [of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)]." 47 C.F.R. § 64.1200(a)(4)(iv).

53. In the alternative to Count I, Helpfulcard's faxes violate the TCPA, even if sent with prior express invitation or permission or an established business relationship, because the faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii). Namely, opt-out notices do not:

   a. appear clearly and conspicuously on the first page of the fax, as required by § 227(b)(2)(D)(i);

   b. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   c. set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

   d. include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I); and

   e. comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

54. As a result of Helpfulcard's unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500.00 in damages for each such violation, whichever is greater, or both such actions.

**COUNT III**
**Conversion**
**(On Behalf Of Class One Or, In The Alternative, Class Two)**

55. Plaintiff incorporates by reference paragraphs 1-46 as if fully set forth herein.

56. By sending faxes to Plaintiff and the other Class members, Helpfulcard converted to its own use Plaintiff's and the other Class members' paper, ink or toner, and the their fax machines components.

57. When Plaintiff's and the other Class members' fax machines printed the faxes, their fax machine's components, ink or toner, and paper were used.

58. This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired their fax machines and its ink or toner.

59. Immediately prior to the sending of the faxes, Plaintiff and the Class members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes.

60. By sending the faxes, Helpfulcard appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

61. Furthermore, Plaintiff's and the Class' fax machine components suffered wear and tear when they were appropriated by Helpfulcard to print their faxes.

62. Such appropriation was wrongful and without authorization.

63. Helpfulcard knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

64. Plaintiff and the other Class members were deprived of the paper, ink or toner, loss of performance of their fax machine components.

65. Accordingly, Plaintiff and the other Class members suffered damages as a result of receipt of the faxes.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Bruce Packaging, Inc., individually and on behalf of the Class, requests that the Court enter an Order as follows:

   A. Certifying the Class as defined above, appointing Plaintiff Bruce Packaging, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

-13-

    B.      Awarding actual and statutory damages;

    C.      Enjoining Helpfulcard from sending unsolicited facsimile advertisements and facsimile advertisements with deficient opt-out notices;

    D.      Awarding of reasonable attorneys' fees and costs; and

    E.      Awarding such other and further relief that the Court deems reasonable and just.

Dated: October 15, 2015

Respectfully submitted,

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

*Counsel for Plaintiff
and the Proposed Putative Class*

4839-0426-6536, v. 1