IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE PACKAGING, INC., individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 15-cv-9096<br>)<br>) Hon. Matthew F. Kennelly |
| v. | )<br>) Magistrate Judge Daniel G. Martin |
| HELPFULCARD, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Bruce Packaging, Inc. ("Plaintiff") hereby requests an order entering default judgment against Defendant Helpfulcard, LLC ("Helpfulcard") and an award of $1,500 in statutory damages, together with fees of $5,325 and costs of $745.15, totaling $6,070.15. Additionally, Plaintiff requests the Court enter an order enjoining Helpfulcard from further transmitting unsolicited facsimile advertisements into the State of Illinois to Plaintiff. In support of its motion, Plaintiff states as follows:

## PROCEDURAL BACKGROUND

The original Complaint was filed on October 15, 2015. (Dkt. No. 1.) Plaintiff effected service on Helpfulcard with a copy of the Complaint and summons on October 19, 2015. (Dkt. No. 5.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Helpfulcard was required to answer or otherwise plead by November 9, 2015. (*Id.*) Helpfulcard has yet to answer or otherwise appear. On November 16, 2015, Plaintiff moved for an order of default. (Dkt. No. [6]) This Court entered default against Helpfulcard on November 25, 2015, and scheduled a prove-up hearing for December 14, 2015, at 9:00 a.m. (Dkt. No. 25.)

I.  **Default Judgment Should Be Entered.**

A court may enter a default judgment after default is entered against a party for failure to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). The decision to enter a default judgment rests "in the sound discretion of the trial judge." *Duling v. Markun*, 231 F.2d 833, 836 (7th Cir. 1956). Courts in the Seventh Circuit have consistently entered default judgment where the default was either willful or occurred through inexcusable "carelessness or negligence." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205-06 (7th Cir. 1984), *citing e.g.*, *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1231 (7th Cir. 1983); *Breuer Elec. Mfg. Co. v. Toronado Sys. of America*, 687 F.2d 182, 187 (7th Cir. 1982); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 854 (7th Cir. 1981); *United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup*, 583 F. 2d. 942, 947 (7th Cir. 1978); *Ben Sager Chemicals Intern'l v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir. 1977); *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Celebration Media, Inc.*, No. 14-cv-1186, Dkt. No. 23 (N.D. Ill.) (Kennelly, J.).

Here, Helpfulcard has failed to respond to the Complaint, despite being served. On October 19, 2015, service was effected on Helpfulcard. (Dkt. No. 6.) Helpfulcard's responsive pleading was due by November 9, 2015. Helpfulcard has done nothing. Helpfulcard's deliberate failure to respond to the Complaint justifies an entry of default judgment against it.

II.  **Plaintiff Is Entitled To Relief.**

The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") permits the recovery of actual or statutory damages, whichever is greater. § 227(b)(3). Each violation of the TCPA entitles the recipient of the unsolicited fax to $500, or $1,500 if the violation was willful or knowing. *Id. See CE Design Ltd. v. Prism Bus. Media, Inc.*, 2009 WL 2496568, at *3 (N.D. Ill. Aug. 12, 2009) *aff'd*, 606 F.3d 443 (7th Cir. 2010) ("The TCPA is a strict liability statute, but

the court has discretion to award treble damages for a willful or knowing violation of 47 U.S.C. 227(b)."). The TCPA also provides a private right of action for injunctive relief. *CE Design*, 2009 WL 2496568, at *3.

Here, Plaintiff seeks statutory damages under the TCPA. (Docket No. 1 ¶¶41, 45.) Plaintiff alleges that Helpfulcard sent at least one unsolicited advertisement to Plaintiff's facsimile machine. (Docket No. 1 ¶11.) Accordingly, Plaintiff seeks an award of $1,500 in statutory damages, together with fees of $5,325 and costs of $745.15, totaling $6,070.15. (*See* Affidavit of Joseph J. Siprut In Support of an Award of Fees and Costs, attached hereto as Exhibit 1, ¶¶10-20.)

## CONCLUSION

WHEREFORE, Plaintiff Bruce Packaging, Inc. respectfully requests that the Court enter an Order:

A. Granting Plaintiff's Motion For Default Judgment;

B. Entering default judgment against Helpfulcard;

C. Awarding Plaintiff $6,070.15 in damages, fees, and costs;

D. Enjoining Helpfulcard from sending unsolicited advertisements into the State of Illinois to Plaintiff; and

E. Granting such other relief this Court deems reasonable and just.

Dated: December 10, 2015

Respectfully submitted,

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

*Counsel for Plaintiff*
*and the Proposed Putative Class*

-4-

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion For Default Judgment** was served on the following individuals on this 10th day of December 2015 via U.S. mail:

>Helpfulcard, LLC
>c/o Harvard Business Services, Inc.
>16192 Coastal Highway
>Lewes, DE 19958


       *s/ Joseph J. Siprut*

4837-8596-6891, v. 1